# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ et al., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE SECRETARY OF STATE, et al., <br><br> Defendants. | Case No. 17-cv-02886-BLF <br><br> **ORDER DENYING LEAVE FOR FILING A MOTION FOR RECONSIDERATION** |

Plaintiffs filed this suit alleging that Defendants engaged in antitrust conduct and violated Plaintiffs' civil rights. ECF 2. The Court denied Plaintiffs' application to proceed *in forma pauperis* ("IFP") and dismissed the complaint with leave to amend. ECF 12. Plaintiff Lopez has now filed a document titled "Motion of Opposition to Order." Mot., ECF 13. In the document, Lopez invokes Civil Local Rule 7-9(b)(3) and argues that the Court was mistaken in its order dismissing the complaint ("Order"). *E.g.*, *id.* at 17; Order, ECF 12.

Because Lopez references Civil Local Rule 7-9(b)(3), the Court construes this document as a request for leave to file a motion for reconsideration under Local Civil Rule 7-9(a). In this District, a party must seek leave of court before filing a motion for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). The party seeking leave must show reasonable diligence and one of three conditions. Civ. L.R. 7-9(b). The condition on which Lopez bases his motion is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order." Civ. L.R. 7-9(b)(3); Mot. 17.

Here, Lopez makes several arguments in support of amending this Court's Order, none of which are availing. First, Lopez argues that his pleadings are adequate and that the Court should

weigh his factual allegations in his favor, citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Mot. 11-12. However, *Denton* does not support the argument that this Court erred in dismissing the complaint. The Court recognizes the holding in *Denton* that the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff" and "cannot serve as a factfinding process for the resolution of disputed facts." *Id.* However, *Denton* does not hold that IFP plaintiffs' complaints, despite containing only conclusory allegations and lacking in necessary factual details, need not meet the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted). In fact, the *Denton* court noted that district courts are "in the best position to determine which cases fall into [the] category [of cases that are factually baseless]." 504 U.S. at 33. Aside from the lack of plausible allegations, the complaint is also deficient because the Eleventh Amendment bars suits against state agencies in this Court. After reviewing Lopez's arguments and cited authorities, the Court finds no error in this determination.

Lopez next takes issue with this Court's ruling that the corporations cannot represent themselves. Mot. 13-17. The Court also finds that Lopez's arguments and the cited authorities are inapposite to the issue at hand and fail to address precedential Ninth Circuit law barring corporations from proceeding pro se. *See, e.g.*, *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999)

As to Lopez's contention that the claim presentation requirement does not apply to his claims, the Court notes that compliance with state law pre-suit claims presentation would not apply if the amended complaint pleads only federal claims. Mot. 18-21; *see* Cal. Gov't Code §§ 900 et seq.

Because Lopez has failed to demonstrate a manifest failure by this Court in the Order, the motion for leave to file a motion for reconsideration is DENIED.

The Court had previously set June 29, 2017, as the deadline for Plaintiffs to file an amended complaint. The Court now extends the deadline to July 28, 2017, for Plaintiffs to file an amended complaint and for Plaintiff Lopez to renew his application to proceed IFP. The

2

corporate Plaintiffs will still need to obtain legal representation to proceed with this suit. Failure to meet the July 28, 2017 deadline to file an amended complaint or failure to cure the deficiencies identified in the Order will result in a dismissal of Plaintiffs' claims with prejudice. Likewise, failure to renew the IFP application by the deadline will result in an order denying Plaintiff Lopez's application to proceed IFP with prejudice.

**IT IS SO ORDERED.**

Dated: June 29, 2017

_____
BETH LABSON FREEMAN
United States District Judge