**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE SECRETARY OF STATE, et al., <br><br> Defendants. | Case No. 17-cv-02886-BLF <br><br> **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND GRANTING MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING** |

Plaintiffs bring this suit against Defendants, alleging that Defendants violated their constitutional rights among other claims. *See* Compl., ECF 8; Am. Compl. 2-3, ECF 19. Plaintiffs also seek leave to proceed in forma pauperis ("IFP") with this action. The Court has previously dismissed the initially-filed complaint and the application for IFP with leave to amend. ECF 12, 14. Now Plaintiffs have filed an amended complaint and renewed application to proceed IFP. ECF 15, 19, 21.

"A district court may deny leave to proceed in forma pauperis . . . if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Even though the complaint has been amended, the deficiencies set forth in the Court's prior order have not been remedied. Specifically, the complaint states that Defendants violated Plaintiffs' civil rights and that they engaged in antitrust conduct but these and other conclusory allegations are not adequately supported. Am. Compl. 3-4. For example, according to the amended complaint, Plaintiffs Starlight Entertainment and Starlight Music "do not owe State franchise or income tax." *Id.* at 4, 8-9, 18. However, there are no factual allegations setting forth how the individuals "servicing the

1  State of California government agencies-Franchise Tax Board" and the Office of the Secretary of

2  State have deprived Plaintiffs of their constitutional rights. The factual allegations are similarly

3  inadequate on how Defendants engaged in an antitrust conspiracy against Plaintiffs. Such factual

4  allegations are inadequate to provide a basis for a viable claim for relief.

5  Furthermore, suits against state agencies, such as the California Franchise Tax Board, and

6  the Office of the Secretary of the State of California, as well as state officials in their official

7  capacities, are barred by the Eleventh Amendment. *Hibbs v. Dep't of Human Res.*, 273 F.3d 844,

8  850 (9th Cir. 2001) (citations omitted). As noted in the Court's prior order, such suits cannot

9  proceed unless the immunity has been specifically abrogated by federal statute or that the state has

10  waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To the extent

11  Plaintiffs are asserting claims pursuant to 42 U.S.C. § 1983, state agencies and state officials

12  acting in their official capacities are also not "persons" against whom a claim for money damages

13  may be asserted. *Id.* The Court notes that the complaint cites to authorities, purportedly stating

14  that qualified immunity could be overcome by a violation of the Constitution. *E.g.*, Am. Compl.

15  13. However, not only is it unclear how the cited authorities are applicable to the instant case, but

16  the factual allegations also fail to show how Defendants' immunity was overcome.

17  Lastly, Plaintiffs filed an "Amended Request" and a memorandum in support of the IFP

18  application to have corporate plaintiffs, Starlight Entertainment Enterprises and Starlight Music

19  Management, Inc., proceed pro se in this suit. ECF 20, 22. However, authorities in the Ninth

20  Circuit and this District prohibit corporations from proceeding pro se and Plaintiffs' novel theory

21  with regard to "reverse pierc[ing] . . . the corporate veil" remains unpersuasive to this Court. ECF

22  20 at 4; ECF 22 at 2; s*ee In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999).

23  Plaintiffs have also moved for permission for electronic case filing. ECF 4. For good

24  cause shown, the Court GRANTS the motion for permission for electronic case filing.

25  For the reasons discussed above and in the Court's prior order, the amended complaint

26  remains deficient. The case is thus frivolous and the application to proceed IFP is denied on this

27  basis. *Tripati*, 821 F.2d at 1370. Plaintiffs therefore must pay the filing fee of $400.00 if they

28  wish to proceed with this case. If Plaintiffs do not pay the filing fee on or before September 15,

1 2017, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).
*See* Fed. R. Civ. P. 41(b) (providing for dismissal if plaintiff fails to prosecute action or to comply with the Federal Rules of Civil Procedure or a court order); *Madden v. Badgett*, 122 F.3d 1072 (Table), 1997 WL 556361, at *1 (9th Cir. Aug. 29, 1997) (affirming dismissal of action under Rule 41(b) where plaintiff failed to pay the filing fee or to submit prison trust account statement); *Soto v. Hayes*, No. 94-0098-VRW, 1995 WL 150572, at *1 (N.D. Cal. Mar. 20, 1995) (dismissing action under Rule 41(b) for failing to pay the filing fee).

**IT IS SO ORDERED.**

Dated: August 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge